**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

BILLY DRIVER, JR,

          Plaintiff,

    v.

BENSON, et al.,

          Defendants.

No.  2:25-CV-1723-DC-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Benson, Corrections Counselor II at California State Prison Sacramento, (2) Schultz, Warden at California State Prison Sacramento, (3) Anderson, Lieutenant at California State Prison Sacramento, and (4) Doe, Captain at California State Prison Sacramento. See ECF No. 1, pg. 1. Plaintiff alleges a claim for relief based on two separate occurrences. Plaintiff states his claim arises under 42 U.S.C. 1983 and is permissible under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act, an exception to the three-strikes rule due to imminent danger of serious physical injury. See id. at 1. Plaintiff alleges he was denied protection from two inmates after repeated threats of bodily harm and one occurrence of assault. See id. at 1-4.

Plaintiff first claims that every day between May 28, 2025, and June 2, 2025, the other inmates entered his cell and verbally threatened to stab Plaintiff if Plaintiff entered the yard. See id. at 2. Plaintiff alleges that an officer told Plaintiff he saw one of the inmates enter Plaintiff's cell. See id. Additionally, Plaintiff states that two wall cameras are placed in his pod and facility. See id. From this, Plaintiff asserts that officers were aware of the threats but refused to relocate him from his cell, which is next to one of the threatening inmates. See id. Plaintiff allegedly suffers chest paints and heart palpitations due to fear for his life. See id.

Next, Plaintiff claims that on June 10, 2025, one of the same inmates entered his cell and punched Plaintiff in the face and mouth several times. See id. at 4. According to Plaintiff, Defendant Schultz stated he would reclassify Plaintiff if he was assaulted again. See id. Furthermore, Plaintiff asserts that Defendant Schultz transferred him to the same yard as one of the inmates making verbal threats, and to the cell next to the inmate who assaulted him. See id. Plaintiff again refers to two wall mounted cameras, as well as an officer's body camera. See id.

## II. DISCUSSION

Plaintiff's Eight Amendment safety claim is cognizable as against Defendant Schultz, the prison warden.  Plaintiff's remaining claims against Defendants Benson, Anderson, and Doe are defective because Plaintiff fails to establish a causal link.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff presents a cognizable Eighth Amendment safety claim against Defendant Schultz arising from his alleged knowledge of an assault on Plaintiff by another inmate and Defendant Schultz's alleged placement of Plaintiff in the same area as one of the inmates who assaulted Plaintiff.  The complaint, however, is deficient as to Defendants Benson, Anderson, and Doe because Plaintiff does not allege specific facts to establish any connection between these individuals and a violation of Plaintiff's Eighth Amendment rights or any other constitutionally

3

protected civil rights. The undersigned will provide Plaintiff leave to amend this claim in an amended complaint.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefore, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: February 5, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE