**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY DRIVER, JR., | No. 2:25-CV-1723-DC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BENSON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On February 6, 2026, the Court issued an order addressing the sufficiency of Plaintiff's complaint.  See ECF No. 13.  The Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) Benson, Corrections Counselor II at California State Prison Sacramento, (2) Schultz, Warden at California State Prison Sacramento, (3) Anderson, Lieutenant at California State Prison Sacramento, and (4) Doe, Captain at California State Prison Sacramento. See ECF No. 1, pg. 1. Plaintiff presents two claims for relief.
> Plaintiff states his claim arises under 42 U.S.C. 1983 and is permissible under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act, an exception to the three-strikes rule due to imminent danger of serious physical injury. See id. at 1. Plaintiff alleges he was denied protection from two inmates after repeated threats of bodily harm and one occurrence of assault. See id. at 1-4.
> Plaintiff first claims that every day between May 28, 2025, and June 2, 2025, the other inmates entered his cell and verbally threatened to stab Plaintiff if Plaintiff entered the yard. See id. at 2. Plaintiff alleges that an officer told Plaintiff he saw one of the inmates enter Plaintiff's cell. See id. Additionally, Plaintiff states that two wall cameras are placed in his pod and facility. See id. From this, Plaintiff asserts that officers were aware of the threats but refused to relocate him from his cell, which is next to one of the threatening inmates. See id. Plaintiff allegedly suffers chest paints and heart palpitations due to fear for his life. See id.
> Next, Plaintiff claims that on June 10, 2025, one of the same inmates entered his cell and punched Plaintiff in the face and mouth several times. See id. at 4. According to Plaintiff, Defendant Schultz stated he would reclassify Plaintiff if he was assaulted again. See id. Furthermore, Plaintiff asserts that Defendant Schultz transferred him to the same yard as one of the inmates making verbal threats, and to the cell next to the inmate who assaulted him. See id. Plaintiff again refers to two wall mounted cameras, as well as an officer's body camera. See id.

ECF No. 13, pgs. 2-3.

/ / /

/ / /

/ / /

/ / /

2

The Court determined that Plaintiff's complaint stated a cognizable Eighth Amendment safety claim against Defendant Schultz, the prison warden. See id. at 3. The Court otherwise found Plaintiff's claims against Defendants Benson, Anderson, and Doe to be defective for failure to establish a causal connection. See id. at 3-4. The Court concluded:

> To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
>
> Plaintiff presents a cognizable Eighth Amendment safety claim against Defendant Schultz arising from his alleged knowledge of an assault on Plaintiff by another inmate and Defendant Schultz's alleged placement of Plaintiff in the same area as one of the inmates who assaulted Plaintiff. The complaint, however, is deficient as to Defendants Benson, Anderson, and Doe because Plaintiff does not allege specific facts to establish any connection between these individuals and a violation of Plaintiff's Eighth Amendment rights. The undersigned will provide Plaintiff leave to amend this claim in an amended complaint.

ECF No. 13, pgs. 3-4.

Plaintiff was provided an opportunity to file a first amended complaint and cautioned that, if no first amended complaint was filed in the time permitted therefor, the action would proceed on Plaintiff's Eighth Amendment claim against Defendant Schultz and that the Court would recommend dismissal of all other claims and defendants for the reasons outlined in the order. See id. at 4. To date, Plaintiff has not filed a first amended complaint within the time permitted to do so. The Court will, therefore, now recommend dismissal of all claims and defendants except Plaintiff's Eighth Amendment safety claim against Defendant Schultz. By separate order, the Court will direct service of the complaint on Defendant Schultz.

/ / /

/ / /

3

Based on the foregoing, the undersigned recommends as follows:

1.    This action proceed on Plaintiff's original complaint, ECF No. 1, as to his Eighth Amendment safety claim against Defendant Schlutz.

2.    All other claims and defendants (Anderson, Benson, and Doe) be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4