**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY DRIVER, JR.,<br>Plaintiff,<br>v.<br>SCHULTZ, et al.,<br>Defendants. | No. 2:25-cv-1723-DC-ICD (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the Court are ECF Nos. 28 and 29. The Court construes ECF No. 28 and ECF No. 29 as motions for injunctive relief. Plaintiff writes the Court in ECF No. 28 and notes that he is unable to receive his legal books and property from California Department of Corrections and Rehabilitation (CDCR) officials. ECF No. 28. In ECF No. 29, Plaintiff asks the Court to order the Defendant to settle his case. ECF No. 29. For the reasons below, the Court recommends denying the motions for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). When a mandatory injunction is sought—one that goes beyond simply maintaining the status quo during litigation—the moving party bears a "doubly demanding" burden and must establish that the law and facts clearly support injunctive relief. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations

omitted).

To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Under *Winter*, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. *See Stormans,* 586 F.3d at 1127 (citing *Winter*, 555 U.S. at 20). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied'" *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself. See id. This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." *See id*. (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)).

The Court cannot issue an order against individuals who are not parties to the action. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. *See Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975); *Johnson v. Moore*, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Finally, pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief,

and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Wonnacott v. Heehn*, 2021 WL 970453 (D. Or. 2021).

In his motion, Plaintiff complains of restricted access to his legal materials and expresses a fear of missing deadlines. *See* ECF No. 28. Plaintiff does not ask the Court for any specific relief.

Plaintiff's motion should be denied. First, Plaintiff complains of restricted access to legal materials at Coalinga State Hospital, but this action concerns Plaintiff's claims of denial of protection in a state correctional facility. *See* ECF No. 13. Thus, the current motion does not seek injunctive relief against any party to this action, nor is there a nexus between Plaintiff's motion and the underlying claims in this case. Second, Plaintiff has not demonstrated any irreparable injury. To the extent Plaintiff's lack of access to his legal materials affects his ability to meet deadlines in this case, such harm can be remedied by way of requests for extension of time or other non-extraordinary means, such as a stipulation with opposing counsel to extend a deadline. The undersigned recommends this motion be denied.

In his other motion, Plaintiff requests that the Court rule on a motion for summary judgment not currently before this Court and that the Court order Defendants to settle the case. *See* ECF No. 29 at 3. Because Plaintiff seeks a mandatory injunction, he bears a doubly demanding burden. *See Garcia*, 786 F.3d at 740. This case is set for a Settlement Conference before Judge Kim on February 24, 2027. *See* ECF No. 25. The Court finds that Plaintiff cannot clearly demonstrate that the law and facts weigh in favor of granting relief—in this case, an order to settle prior to the settlement conference. The Court declines to rule on the motion for summary judgment that is not before this Court.

Based on the foregoing, the undersigned recommends that Plaintiff's motions for injunctive relief, ECF Nos. 28 and 29, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **14 days** after

///

///

being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE